## VELEZ CONSTRUCTION CORPORATION, Appellant,

v.

## UNITED STATES, Appellee.

Appeal No. 85–2256.

United States Court of Appeals, Federal Circuit.

Nov. 18, 1985.

Michael E. Geltner, Washington, D.C., argued for appellant.

Helen M. Goldberg, Dept. of Justice, Commercial Litigation Branch, Washington, D.C., argued for appellee. With her on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Washington, D.C.

Before SMITH, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.

## ORDER

After the United States Claims Court (Claims Court) entered an order granting the Government's motion to compel discovery in this case, the parties entered into a written stipulation on April 15, 1985, regarding Velez' claim for extended home office overhead using the Eichleay formula. In the stipulation, the parties agreed that:

> If this matter went to trial, defendant [Government] would meet its burden of demonstrating that plaintiff [Velez] incurred no actual damages as a result of the delay.

Thereafter, on April 17, 1985, the parties filed a joint motion for judgment in favor of the Government, based on the Claims Court's order and the parties' stipulation, in order to permit Velez the opportunity to present to this court the question of whether the Claims Court correctly interpreted our decision in *Capital Electric v. United States*, 729 F.2d 743 (Fed.Cir.1985), in the order compelling discovery. Accordingly, the Claims Court entered judgment in favor of the Government, and Velez has appealed therefrom.

It appears to the court that the only issue in the case is whether, as the trial judge stated, Velez is entitled to recover its home office overhead under the Eichleay formula solely by a showing of the Government-caused delay, or whether the Government is entitled to prove that the claim can be diminished or defeated because Velez failed to mitigate its damages claimed under the designation of extended home office overhead. Upon consideration of the record and the oral argument of counsel in this case, the court finds that it cannot decide the issue described, because of a direct conflict between the parties as to the meaning and intent of their stipulation of April 15, 1985.

Velez contends, in its briefs and its oral argument, that the term "no actual damages as a result of the delay" refers to damages other than the extended home office overhead claimed by Velez. On the other hand, the Government claims that the stipulation means that if the case went to trial, the Government would have proved that Velez failed to mitigate the damages it claimed as extended home office overhead, by showing that Velez received or possibly could have received other contracts or that it could have or did lay off home office employees during the period of the Government-caused delay. The court finds that the intended purpose of the stipulation and the joint motion for judgment has been frustrated by the dispute between the parties as to the meaning and effect of the stipulation, and that the court cannot de-

cide the case on the basis of the present record.

IT IS THEREFORE ORDERED that the judgment entered by the Claims Court is vacated and the case is hereby remanded to that court for further proceedings.